IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

WILSON JACKSON,

                Plaintiff,

  v.                                      MEMORANDUM AND ORDER
                                                07-C-516-S

DR. LARSON, BELINDA SCHRUBBE,
MARY GORSKI, DR. HERNDON and
DR. COX,

                Defendants.
_____

Plaintiff Wilson Jackson was allowed to proceed on his Eighth Amendment claim that defendants Dr. Larson, Belinda Schrubbe, Mary Gorski, Dr. Herndon and Dr. Cox.  He alleges in his complaint that the defendants denied him necessary treatment for his heart condition.

On October 10, 2007 defendants moved to dismiss plaintiff's complaint for failure to exhaust administrative remedies.  Pursuant to this Court's October 16, 2007 scheduling order plaintiff's brief in opposition to this motion was to be filed not later than October 30, 2007 and has not been filed to date.

FACTS

Plaintiff is currently incarcerated at the Wisconsin Secure Program Facility, Boscobel, Wisconsin (WSPF).  Defendants Dr. Larson, Belinda Schrubbe and Mary Gorski are employed at the Waupun Correctional Institution, Waupun, Wisconsin (WCI).  Defendant Dr.

Herndon is employed at Green Bay Correctional Institution and defendant Dr. Cox is employed at WSPF.

Plaintiff has not exhausted his administrative remedies on his claim that he was denied treatment for his heart condition by the defendants.

MEMORANDUM

Defendants move to dismiss plaintiff's complaint for failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). No action shall be brought with respect to prison conditions by a prisoner confined in any jail, prison or other correctional facility until available administrative remedies are exhausted. Prisoners must file their complaints and appeals in the place and at the time the prison's administrative rules require. Pozo v. McCaughtry, 286 F. 3d 1022, 1025 (7th Cir. 2002)

In Perez v. Wisconsin Department of Corrections, 182 F.3d 532, 535 (7th Cir. 1999), the Court held as follows:

> ...a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.

Plaintiff did not exhaust his administrative remedies on his claim prior to commencing this action. Accordingly, Perez requires dismissal of plaintiff's complaint.

Plaintiff is advised that in any future proceedings in this matter he must offer argument not cumulative of that already

2

provided to undermine this Court's conclusion that his complaint must be dismissed. See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

ORDER

IT IS ORDERED that defendants' motion to dismiss for plaintiff's failure to exhaust his administrative remedies is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of defendants against plaintiff DISMISSING his complaint without prejudice for his failure to exhaust his administrative remedies.

Entered this 7th day of November, 2007.

BY THE COURT:

/s/

---

JOHN C. SHABAZ
District Judge